

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00207-CR

_____

TRACY BONNER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 39456-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Tracy Bonner appeals his conviction of guilt for the offense of aggravated sexual assault of a child, a first degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a) (West 2011). Bonner was sentenced to eleven years' confinement in the Texas Department of Criminal Justice—Institutional Division. Bonner was represented by different appointed counsel at trial and on appeal.

Bonner's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 360 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Bonner on June 24, 2011. Bonner was informed of his right to file a pro se response and of his right to review the record. Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Bonner filed his pro se response on July 29, 2011, in which he complains that the case brought against him was "bogus," and that his counsel was of no help to him. Bonner further points out alleged factual inaccuracies in the *Anders* brief filed by appellate counsel.[1] The crux of

---

[1]Bonner contends that neither Wanda Skinner nor Sherry Skinner was the mother of Jane Doe; Sherry gave a false reason for coming to his house a month before he was arrested; he and Sherry exchanged words that day and she denied it on the stand; Jane Doe could not remember what year she claims the events took place; it appears Jane Doe

Bonner's response is an argument over his guilt based on the evidence presented at trial.  We construe this complaint as one pertaining to the legal sufficiency of the evidence.

In determining whether an appeal is wholly frivolous, we independently review the clerk's record and the reporter's record in deciding whether there are arguable (nonfrivolous) issues that would support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). After independent review of the clerk's record and the reporter's record, we agree with counsel that no arguable issues support an appeal.

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed.  *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]


                                        Bailey C. Moseley
                                        Justice


Date Submitted:        August 19, 2011
Date Decided:          September 1, 2011

---

was coached in her testimony; Jane Doe did not help him feed his dogs; when Jane Doe's grandmother found out he was living with his girlfriend, this whole thing started; there was no evidence that he touched Jane Doe.

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.

3

Do Not Publish